OPINION OF THE COURT
Michael D. Stallman, J.
It is ordered that this motion for an order of contempt against defendant First Media Marketing, LLC, doing business as All-Pro Cleaners, for a turnover order pursuant to CPLR 5225, for appointment of a postjudgment receiver over this defendant pursuant to CPLR 5228, and for an award of costs and legal fees is denied.
By order dated December 17, 2007 and entered on December 24, 2007, this court granted plaintiffs motion for summary judgment against defendant First Media Marketing, LLC (FMM), doing business as All-Pro Cleaners, in the sum of $90,328.74 with interest from January 15, 2007 and costs and disbursements. The counterclaim asserted by Larissa Cooper, the “additional counterclaimant,” was transferred to the Civil Court of the City of New York pursuant to CPLR 325 (d) by separate order of the same date.
On July 10, 2008, plaintiff served a subpoena duces tecum to take the deposition of FMM, as judgment debtor, and for production of books and records, and a restraining notice upon FMM via service upon the Secretary of State. According to plaintiff, FMM insisted that plaintiffs deposition should be scheduled and should proceed before the deposition of FMM. Plaintiffs deposition was scheduled to take place before FMM’s deposition, but counsel for defendant and Cooper wanted to reschedule plaintiff’s deposition in light of outstanding document discovery. Plaintiffs counsel insisted that FMM’s deposition not be rescheduled. According to plaintiffs counsel, FMM did not appear as scheduled. This motion followed.
Contrary to defendant’s and Cooper’s argument, the instant application is properly made in Supreme Court, not Civil Court. CPLR 5251 states that “[rjefusal or willful neglect of any person to obey a subpoena or restraining notice issued *534 . . . shall ... be punishable as a contempt of court.” CPLR 5210 states “Every court in which a special proceeding to enforce a money judgment may be commenced, shall have power to punish a contempt of court committed with respect to an enforcement procedure.” Under CPLR 5221 (a) (4), which applies here, a special proceeding authorized by CPLR article 52 shall be commenced, “either in the supreme court or a county court, in a county in which the respondent resides or is regularly employed or has a place for the regular transaction of business in person or, if there is no such county . . . the county in which the judgment was entered.” The judgment having been entered in Supreme Court, New York County, an enforcement proceeding must be brought in the Supreme Court, New York County. As Siegel notes in practice commentaries to CPLR 5224, “No subpoena under CPLR 5224 commences a special proceeding. Each is but an adjunct of the action that gave rise to the judgment, and ordinarily bears its caption.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5224:l, at 243.) The fact the counterclaim was transferred to Civil Court is irrelevant, because the relief sought is enforcement of the judgment that was granted and entered in Supreme Court, and the counterclaim was severed from the action which resulted in judgment and then transferred to the Civil Court. Thus, the application is properly before the Supreme Court.
The branch of plaintiff’s application for an order of contempt against FMM is denied, due to improper service. Judiciary Law § 761 states “An application to punish for contempt in a civil contempt proceeding shall be served upon the accused, unless service upon the attorney for the accused be ordered by the court or judge.” Plaintiffs reliance upon CPLR 2103 (b) is misplaced. Plaintiff’s reliance on CPLR 2308 (b) is also misplaced, because that provision governs information subpoenas, not subpoenas duces tecum. (See CPLR 5224 [a] [1], [3] [iv].) Plaintiff served a subpoena duces tecum. (Shapiro affirmation, exhibit 6.) Because the application for contempt was served only upon FMM’s attorney, service of the application did not comply with Judiciary Law § 761.
The branch of plaintiffs application for a turnover order is denied, also due to improper service. Plaintiff concedes that CPLR 5225 (a) requires that a notice of motion pursuant to that section must be served on the judgment debtor “in the same manner as a summons or by registered or certified mail, return receipt requested,” which was not done here.
*535 The branch of plaintiff’s application for appointment of a receiver for the judgment debtor is denied as improperly-brought. CPLR 5228 (a) requires that the application be made “upon such notice as the court may require,” i.e., by order to show cause. Here, the application was made by notice of motion.
In light of the defects discussed above, the court need not address the parties’ remaining arguments. Plaintiffs request for legal fees and costs is denied.